The two-door Hudson automobile of plaintiff, E.A. Fitch, and the Plymouth sedan of the defendant, Harold Brice, collided on the main street in the Town of Vivian, Louisiana, in the daytime, from which arose the cause of action alleged upon herein. Fitch was driving his own car, going northerly, and the car of defendant was being driven by his minor son, Harold Brice, Jr., and was proceeding southerly. It was necessary to expend $178.83 to repair the damage done to plaintiff's car, $128.83 of which his insurer, Alliance Assurance Company, Ltd., absorbed, and to whom, to that extent, he gave a subrogation to his rights and right of action against defendant.
Fitch and his insurer seek judgment against defendant for $178.83 on the theory that the collision was solely caused by the negligence of defendant's minor son, whereas the suit is resisted on the ground that the accident resulted from Fitch's own negligence.
The street on which the collision occurred is paved from curb to curb. It is 64 feet wide. The center portion of the surfacing, 36 feet in width, was laid by the State, whereas on either side thereof to the curb, 14 feet in width, the paving was laid by the town. These two strips are referred to as parking zones.
Just prior to the collision defendant's car was parked very close to and parallel with the west curb, in front of White's Drug Store, pointing southerly.
Plaintiff, Fitch, as he approached the intersection nearly one-half block below the locus of the collision, materially reduced speed but did not come to a complete stop before the "go" signal or green light appeared. Another car, driven by one F.H. Wilson, preceded plaintiff across the intersection and while attempting to pass this car on its left (west) side, plaintiff's car was struck about its left rear fender by the left front part of the car of defendant. The impact disengaged the left front door of plaintiff's car and he fell therefrom to the pavement. The car went a short distance before it was stopped by a soldier passenger *Page 196 
therein. Defendant's car reacted backward a few feet and stopped with both left wheels about three feet from the west edge of the pavement laid by the State.
Defendant's son is charged with responsibility for the accident because of the following named acts of negligence, to-wit: failing to keep a proper lookout; driving in a careless and negligent manner; driving from a parked position at an angle and at an extremely high speed under existing conditions and circumstances.
Defendant denies that the accident occurred through or because of any negligence on the part of his son. He affirmatively charges that plaintiff's own negligence brought on the collision and, elaborating, he avers that plaintiff, without giving any signal or warning of his intention so to do, and at an excessive and reckless rate of speed in view of conditions and circumstances then existing, undertook to pass the car immediately ahead of him and in so doing his own car swung toward the western side of the street and struck defendant's car after it had been brought to a stop. Alternatively, defendant pleads that plaintiff's negligence in the respects mentioned contributed to the accident and bars recovery by him or his insurer.
There was judgment for the insurer in the sum of $128.83. The trial judge gave written reasons to support the conclusions reached by him. Defendant appealed. Plaintiff, Fitch, did not appeal and does not complain of the judgment in any respect.
The trial judge expressly disagreed with the version of the accident as related by the driver of defendant's car, the facts of which version are made the basis of the defense herein. After careful study of the testimony and weighing it in the light of undisputed physical facts, we have arrived at the same conclusion. It is almost inconceivable why such an accident could have happened in open daytime on a wide paved highway, but nevertheless it did happen.
The testimony does not clearly disclose how far defendant's car had traveled after leaving the curb, to the point of the collision, but it is shown that this point is 45 or 50 feet south of the south side of the drug store building. There was from the parked car southerly (toward the intersection) clearance of 50 feet. Had the boy proceeded straight ahead over the parking zone he would have safely passed the two on-coming cars below the point where the collision occurred. He did not do this but elected to drive at an angle to his left and enter upon the central part of the highway notwithstanding the rapid approach of the other cars. He left a place of safety and proceeded toward one of danger at the time. This fact is proven conclusively by the position of defendant's car after the accident occurred.
The testimony bearing thereon sustains the contention that plaintiff's car was practically abreast of the car he was endeavoring to pass when the collision occurred. Had his car been in the act of coming from behind the other car when the collision occurred, as contended, it is highly probable it would have been struck farther toward its front end.
Defendant's son testified that as he drove forward from the curb he saw the other two cars crossing the intersection; that plaintiff was driving 40 miles per hour and the other car was making 25 miles per hour; that he proceeded down the parking lane in low gear at five or ten miles per hour and at no time did he get out of the lane; that plaintiff's car came from behind the other car at a rapid speed and careened into the front part of his car, which, he thought, he had brought to a stop. He did not think his own car moved very much from the impact. If this testimony were wholly true there would not have been any collision. This young man, though doubtless sincere, erred in more than one respect in his testimony. Surely his car was not wholly within the parking zone when hit.
A fair deduction from the proven facts is that defendant's car, as contended by plaintiffs, turned at a fairly rapid speed from the curb and had not been fully aligned before it rammed plaintiff's car; that both of its left wheels at the time were on the central section of the highway, the front one farther over than the rear one, and that the force of the impact knocked *Page 197 
the front end of the car to some extent westerly, leaving the left front wheel about on a line with the left rear one.
The elementary law applicable to the established facts in this case is to be found in Rule 10(a), Section 3 of the Highway Regulatory Act, No. 286 of 1938, which, so far as pertinent, reads: "The driver of any vehicle upon a public road, highway or bridge of this State, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement."
It is not contended nor did defendant's son testify that he gave any signal or sign to indicate his intention to leave the curb and return to the central part of the high-way. The two on-coming cars, at the time, had priority of travel on this part of the road and in the absence of sign or signal by defendant's son indicating a contrary purpose or intention, had the right to assume that he would not attempt to interfere with such right of priority. The failure to observe the requirements of the above-quoted law, and other negligent acts of defendant's son, as herein related, clearly render him responsible for the collision.
For the reasons herein given, the judgment from which appealed, is affirmed with costs. *Page 315